UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DAMION ISHMAEL BROWN,

                    Plaintiff,

    -against-

NASSAU COUNTY POLICE DEPARTMENT,
NASSAU COUNTY SHERIFF DEPARTMENT,
JOHN NYUGEN, JOHN DOES 1-3, Officers, Nassau County
Sheriff's Department,
                    Defendants.
----------------------------------------------------------------X

**ORDER**
**14-CV-00247(SJF)(ARL)**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    APR 08 2014    ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

    On January 6, 2014, incarcerated *pro se* plaintiff Damion Ishmael Brown ("plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Police Department ("NCPD"); Nassau County Sheriff Department ("NCSD"); John Nyugen ("Nyugen"); and three (3) "John Doe" defendants, identified only as officers employed by the NCSD (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*.

    Since plaintiff's financial status, as set forth in his declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), his application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the claims against the NCPD, NCSD and Nyugen, and as construed to be against the County of Nassau ("the County"), are *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

II.     The Complaint[1]

Plaintiff alleges that on October 17, 2013, while he was incarcerated at the Nassau County Correctional Center ("NCCC"), he was assaulted by three (3) unidentified corrections officers on the 72 Hour Holding Unit during the 5:00-8:00 p.m. shift. (Compl. at ¶¶ II. A.-D.) Specifically, plaintiff alleges:

> "I was being transferred from the 72 hour holding unit * * * and during the process of being searched by 3 Correction staff members I was asked why was I complaining about the toilet the day before, so I told them why and because I hissed my teeth, the officer searching me from behind while my hands where [sic] on the wall and my feet apart, lift me up by the crotch and shoulders in the air and body slam me into the concrete floor[.] * * * While on the floor they stomped on my body and feet then proceeded to apply pepper spray to my face and use excessive force."

(*Id.* at ¶ II. D.)

Following the alleged assault, plaintiff was taken to the trauma room where an x-ray was taken of his back, his cuts were bandaged, ice was applied to his head and he was given pain medication. (*Id.* at ¶ III.) According to plaintiff, his "toe nails [of his right foot] have fallen out;" there is "no more hair growing at th[e] spot on [his] head" where it was "cut open;" and he "is still being treated for [his] head and back pains." (*Id.*)

Plaintiff also alleges that he "was illegaly [sic] arrested by the 3rd Precinct without an [sic] warrant and out of their jurisdiction based upon a false complaint from John Nyugen." (*Id.* at ¶ II D.)

As a result of the foregoing, plaintiff seeks to recover punitive and compensatory damages in the amount of five million dollars ($5,000,000.00) each. (*Id.* at ¶ V).

---

[1] All material allegations in the complaint are assumed to be true for the purposes of this order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

2

III. Discussion

A. Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(i-iii). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation omitted), and to construe them "to raise the strongest arguments that they suggest." Gerstenbluth v. Credit Suisse Securities (USA) LLC, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010), aff'd --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)); see also Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557); accord Pension Benefit Guar. Corp. ex rel. Saint Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 717 (2d Cir. 2013).

B.   Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (citing Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012); see also Ahlers v. Rabinowitz, 684 F.3d 53, 60-61 (2d Cir. 2012), cert. denied, 133 S. Ct. 466, 184 L. Ed. 2d 261 (2012).

1.   Claims Against the NCPD and the NCSD

"'Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued.'" Burbar v. Incorporated Village of Garden City, 961 F. Supp. 2d 462, 471 (E.D.N.Y.

4

2013) (quoting Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)); see also Robischung-Walsh v. Nassau County Police Dep't, 699 F. Supp. 2d 563, 565 (E.D.N.Y. 2010), aff'd, 421 F. App'x 38 (2d Cir. 2011). Since the NCPD and the NCSD are administrative arms of the County of Nassau, see, e.g. Rose v. County of Nassau, 904 F. Supp.2d 244, 247 (E.D.N.Y. 2012) (dismissing claims against the NCPD because it is a non-suable entity); Varricchio v. County of Nassau, 702 F. Supp. 2d 40, 50 (E.D.N.Y. 2010) (dismissing claims against the NCSD), they lack the capacity to be sued. Accordingly, the complaint is dismissed in its entirety with prejudice as against the NCPD and the NCSD. However, since plaintiff is proceeding *pro se,* his Section 1983 claims will be construed as being brought against the County.

2. Municipal Liability

"[A] municipality [or municipal entity] can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality [or municipal entity]." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012), cert. denied, 134 S. Ct. 125, 187 L. Ed. 2d 255 (2013). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." Id.; see also Connick v. Thompson, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); Los Angeles County, California v. Humphries, 131 S. Ct. 447, 452, 178 L. Ed. 2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., *solely* because it employs a tortfeasor." (emphasis in original) (quotations and citation omitted)); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To prevail on a Section 1983 claim against a municipal

entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008); see also Connick, 131 S. Ct. at 1359 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting Monell, 436 U.S. at 691, 98 S. Ct. 2018)); Humphries, 131 S. Ct. at 452 ("[A] municipality may be held liable when execution of a government's *policy or custom* . . . inflicts the injury." (emphasis in original) (quotations and citation omitted)). "A municipal policy may be pronounced or tacit and reflected in either action or inaction." Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011), cert. denied, 132 S.Ct. 1741, 182 L. Ed. 2d 528 (2012). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 131 S.Ct. at 1359.

In addition, municipal liability can be established "by showing that a policymaking official ordered or ratified the employee's actions - either expressly or tacitly." Jones, 691 F.3d at 81. "Thus, a plaintiff can prevail against a municipality [or municipal entity] by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." Id. To establish such deliberate indifference, "a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." Id. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Id. (quotations and citation omitted). "[D]eliberate indifference requires a showing that the official made a conscious choice,

and was not merely negligent." Id.; see also Cash, 654 F.3d at 334.

To state a claim for municipal liability under Section 1983, a plaintiff must allege more than that a municipal policy or custom exists. See Triano v. Town of Harrison, N.Y., 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012); Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012). "Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." Santos, 847 F. Supp. 2d at 576; see also Triano, 895 F. Supp. 2d at 535 (accord).

The complaint is devoid of any factual allegations from which it may reasonably inferred that a municipal policy or custom caused any of the conduct of which plaintiff complains. Accordingly, plaintiff's Section 1983 claims as construed to be against the County are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

### 3. Claim Against Nyugen

Although Section 1983 liability may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it," National Collegiate Athletic Association v. Tarkanian, 488 U.S. 179, 191, 109 S. Ct. 454, 102 L. Ed. 2d 469 (1988)(quotations and citation omitted); see also Hafer v. Melo, 502 U.S. 21, 28, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) ("Congress enacted §1983 to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." (quotations and citations omitted)), "[a] private actor may be liable under § 1983 * * * if there is a sufficiently close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."

7

Sykes v. Bank of America, 723 F.3d 399, 406 (2d Cir. 2013)(quotations, internal quotations and citations omitted); see also Fabrikant v. French, 691 F.3d 193, 206-07 (2d Cir. 2012) ("Conduct that is formally 'private' may become so entwined with governmental policies or so impregnated with a governmental character that it can be regarded as governmental action. * * * [T]here must be such a close nexus between the state and the challenged action that the state is responsible for the specific conduct of which the plaintiff complains." (quotations, alterations, emphasis and citations omitted)). "Anyone whose conduct is fairly attributable to the state can be sued as a state actor under § 1983." Filarsky v. Delia, — U.S. —, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012) (quotations and citation omitted); see also Fabrikant, 691 F.3d at 207 ("The fundamental question * * * is whether the private entity's challenged actions are 'fairly attributable' to the state." (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982))). "Three main tests have emerged:

> For the purposes of section 1983, the actions of a nominally private entity are attributable to the state . . . (1) [when] the entity acts pursuant to the coercive power of the state or is controlled by the state ('the compulsion test'); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity has been delegated a public function by the state ('the public function test')."

Fabrikant, 691 F.3d at 207 (quoting Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008) (alteration in original)).

Plaintiff alleges only that Nyugen made a false complaint about him to the police. Since Nyugen was not acting "under color of state law" for purposes of Section 1983 with respect to the conduct attributed to him in the complaint, see, e.g. Carlos v. Santos, 123 F.3d 61, 65 (2d Cir. 1997) (finding that a defendant did not act under color of state law by bringing a police

8

complaint in his own name); Drayton v. Toys "R" Us, Inc., 645 F. Supp. 2d 149, 162-63 (S.D.N.Y. 2009) ("[F]urnishing information to the police does not by itself make someone a joint participant in state action under Section 1983." (quotations and citation omitted)); Johns v. Home Depot U.S.A., Inc., 221 F.R.D. 400, 405 (S.D.N.Y. 2004) (holding that providing information to the police, even if false, does not give rise to Section 1983 liability), plaintiff's Section 1983 claims against him are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

### 4. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." "[W]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); see also Grullon v. City of New Haven, 720 F.3d 133, 139-40 (2d Cir. 2013) (accord). Nonetheless, leave to amend is not required where a proposed amendment would be futile. See Grullon, 720 F.3d at 140; Anderson News, L.L.C. v. American Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012), cert. denied by Curtis Circulation Co. v. Anderson News, L.L.C., 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013). "[A] complaint amendment would be futile only if the amended complaint would not contain enough allegations of fact to state a claim for relief that is plausible on its face." MetLife Investors USA Ins. Co. v. Zeidman, 734 F. Supp. 2d 304, 311 (E.D.N.Y. 2010), aff'd, 442 Fed. Appx. 589 (2d Cir. Sept. 19, 2011) (quotations and citation omitted); see also Salomon v. Adderley Industries, Inc., 960 F. Supp. 2d 502, 508 (S.D.N.Y. 2013); Annunziato v. Collecto, Inc., 293 F.R.D. 329,

9

333 (E.D.N.Y. 2013). Leave to amend may also properly be denied for: "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [and] undue prejudice to the opposing party by virtue of allowance of the amendment * * *.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

Plaintiff is granted leave to amend his complaint to replead his Section 1983 claims as construed to be against the County **provided that any such amended complaint is filed on or before May 22, 2014, or the claims as construed to be against the County will be deemed dismissed with prejudice.** The amended complaint must be titled "amended complaint" and bear the same docket number as this Order.

However, since even a liberal reading of the complaint does not give any indication that plaintiff can state a plausible federal claim against Nyugen, any amendment to the complaint to replead the Section 1983 claim against that defendant would be futile. Accordingly, plaintiff's Section 1983 claim against Nyugen is dismissed with prejudice.

5.  Claims Against the "John Doe" Officers

The United States Marshal Service ("USMS") will not be able to effect service of the summonses and the complaint on the unnamed defendants without more information regarding their identity. Since the Second Circuit has held that district courts must provide incarcerated *pro se* litigants with reasonable assistance in investigating the identity of "John Doe" officers, see Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Clerk of the Court shall serve copies of the complaint and this Order upon the Nassau County Attorney, who shall attempt to ascertain the full names and service address(es) of the "John Doe" defendants allegedly involved

10

in the incident described in the Complaint and provide such information to the Court and plaintiff **within thirty (30) days from the date that this Order is served upon him.** Once the information is provided to the Court by the Nassau County Attorney, plaintiff's complaint shall be deemed amended to reflect the full names of the "John Doe" defendants; summonses shall be issued as to those defendants; and the USMS shall serve the summonses, the complaint, this Order and the Notice of Hearing dated April 7, 2014 upon those defendants.

IV. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted; plaintiff's claims against the NCPD, the NCSD and Nyugen are *sua sponte* dismissed in their entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief; plaintiff's claims as construed to be against the County are *sua sponte* dismissed in their entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief; and plaintiff is granted leave to file an amended complaint to re-plead his claims as construed to be against the County, **provided that such amended complaint is filed on or before May 22, 2014,** or the claims as construed to be against the County will be deemed dismissed in their entirety with prejudice.

The Clerk of the Court is directed to serve copies of the complaint and this order on the Nassau County Attorney, who shall attempt to ascertain the full names and service address(es) of the "John Doe" officers described in the complaint and provide that information to the Court and plaintiff **within thirty (30) days from the date that this Order is served upon him.** Once the information is provided to the Court by the Nassau County Attorney, plaintiff's complaint shall be deemed amended to reflect the full names of the "John Doe" defendants; summonses shall be

11

issued as to those defendants; and the USMS shall serve the summonses, the complaint, this Order and the Notice of Hearing dated April 7, 2014 upon those defendants.

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure. In addition, the Clerk of the Court shall serve a copy of the Notice of Hearing dated April 7, 2014 upon plaintiff and record such service upon the docket.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**　　　　　　　　　　s/ Sandra J. Feuerstein

　　　　　　　　　　　　　　　　　Sandra J. Feuerstein
　　　　　　　　　　　　　　　　　United States District Judge

Dated: April 8, 2014
　　　　Central Islip, New York