FILED
CLERK
4/6/2015 11:17 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DAMION ISHMAEL BROWN,

                Plaintiff,

     -against-

COUNTY OF NASSAU, OFFICER TIMOTHY
WHIDDEN, #2946, OFFICER VINCENT ADAMS,
#3074, OFFICER EDEN CARPIO, #3003,
OFFICER STEPHAN D'ANDREA, #2909,
OFFICER SHAWN BURNS, #364, DETECTIVE
LASHINSKY, DETECTIVE WATSON, and
MICHAEL J. SPOSATO,

                Defendants.
------------------------------------------------------------------X

**ORDER**
**14-CV-0247 (SJF)(ARL)**

FEUERSTEIN, United States District Judge:

I.    BACKGROUND

On January 6, 2014, *pro se* plaintiff Damion Ishmael Brown ("plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Police Department ("NCPD"); Nassau County Sheriff Department ("NCSD"); John Nyugen ("Nyugen"); and three (3) "John Doe" defendants, identified only as officers employed by the NCSD (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*.

By order dated April 8, 2014, *inter alia*, plaintiff's application to proceed *in forma pauperis* was granted; his claims against the NCPD, NCSD and Nyugen were *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief; his claims as construed to be against the County of Nassau ("the County"), were *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. §§

1

1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief; and plaintiff was granted leave to file an amended complaint to replead his claims as construed to be against the County.

On or about June 26, 2014, plaintiff filed an amended complaint against the County, six (6) "John Doe" defendants, Detectives Lashinsky and Watson, and Michael J. Sposato, Sheriff of the NCSD (collectively, "defendants"), alleging, *inter alia*, violations of his constitutional rights based upon his arrest, for which the records have been sealed. Five (5) of the "John Doe" defendants were subsequently identified by the County as Officer Timothy Whidden, #2946; Officer Vincent Adams, #3074; Officer Eden Carpio, #3003; Officer Stephan D'Andrea, #2909; and Officer Shawn Burns, #364. Defendants filed an answer to the amended complaint on or about December 2, 2014.

On or about December 16, 2014, defendants moved to compel plaintiff to execute stipulations to unseal his underlying arrest records, after their two (2) prior attempts to obtain the stipulations to unseal from plaintiff without court intervention, on December 3 and December 9, 2014, were unsuccessful. (See Docket Entry ["DE"] No. 30). By order dated January 5, 2015, the Honorable Arlene R. Lindsay, United States Magistrate Judge, granted defendants' motion to compel and directed plaintiff "to execute and return the stipulation [to unseal] to [defendants] by January 20, 2015." (DE No. 31). On or about January 6, 2015, defendants mailed to plaintiff a copy of Magistrate Judge Lindsay's order, together with three (3) copies of "a Stipulation to Unseal Records and an Authorization to Unseal Records," and requested that he "immediately" execute and return the stipulations to unseal in the self-addressed stamped envelope provided. (County's Letter Motion dated February 9, 2015 ["Cty. Mot."], Ex. C). A tracking confirmation from the United States Postal Service ("USPS") indicates that defendants' mailing was delivered

to plaintiff's address of record on January 8, 2015. (Id.)

Defendants did not receive the executed stipulations to unseal in accordance with Magistrate Judge Lindsay's order. Accordingly, by letter dated January 26, 2015, defendants: (a) again provided plaintiff with three (3) copies of "a Stipulation to Unseal Records and an Authorization to Unseal Records," a self-addressed stamped envelope, their motion to compel and Magistrate Judge Lindsay's order; and (b) advised plaintiff (i) that he was in violation of Magistrate Judge Lindsay's order directing him to execute and return the stipulations to unseal by January 20, 2015, and (ii) that if he did "not execute and return the Stipulations to Unseal by or before February 4, 2015, [they] [would] be forced to move to dismiss [his] complaint under Federal Rules of Civil Procedure 41(b)." (Cty. Mot., Ex. D) (emphasis omitted). A USPS tracking confirmation indicates that the January 26, 2015 letter was delivered to plaintiff's address of record on February 3, 2015. (Id.)

On February 9, 2015, after failing to receive the executed stipulations to unseal, defendants filed a letter motion seeking to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for plaintiff's continued failure to comply with Magistrate Judge Lindsay's January 5, 2015 order and to provide them with executed stipulations to unseal his arrest records. Plaintiff has not opposed, or otherwise responded to the motion, nor sought an extension of time to do so. In fact, the Court's docket reflects that after filing a notice of change of address on August 14, 2014, plaintiff has had no further communication with the Court, nor taken any steps to prosecute this action.

II.  DISCUSSION

A district court may dismiss a complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for, *inter alia*, failure to prosecute or to comply with a court order.  See Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (holding that Rule 41(b) explicitly sanctions dismissal of an action for failure to prosecute); U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 250 (2d Cir. 2004) (holding that a district judge's authority to dismiss an action based upon a plaintiff's failure to prosecute is expressly recognized by Rule 41(b)).

In considering whether to dismiss an action for failure to prosecute or to comply with a Court order, courts must consider the following factors, although no one factor is dispositive: (1) the duration of the plaintiff's failures or non-compliance; (2) whether the plaintiff was on notice that the delay would result in dismissal; (3) whether the defendant is likely to be prejudiced by any further delay in the proceedings; (4) whether the court's interest in managing its docket outweighs the plaintiff's interest in receiving an opportunity to be heard; and (5) whether a lesser sanction is available and would be effective.  See Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); Lewis, 564 F.3d at 576.

A.  Duration

Plaintiff's unexplained failure to comply with Magistrate Judge Lindsay's order for over two (2) months, and to provide defendants with the stipulations to unseal for approximately four (4) months, weighs in favor of dismissal under Rule 41(b) of the Federal Rules of Civil Procedure.  See, e.g. Yadav v. Brookhaven Nat'l Lab., 487 F. App'x 671, 672-73 (2d Cir. Nov. 7, 2012), cert. denied, 134 S. Ct. 440, 187 L. Ed. 2d 284 (2013) (summary order) (affirming

4

dismissal of the plaintiff's case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure where, *inter alia*, over the course of three (3) months, the plaintiff failed to properly respond to the defendants' discovery requests despite repeated prompting by the defendants and the Court); Embuscado v. DC Comics, 347 F. App'x 700, 701 (2d Cir. Oct. 1, 2009) (summary order) (affirming dismissal where, *inter alia*, over a period of three (3) months, the plaintiff violated the Court's discovery orders).

B. Notice

Defendants' January 26, 2015 letter to plaintiff advised him, *inter alia*, that he was in violation of Magistrate Judge Lindsay's January 5, 2015 order and that they intended to move for dismissal under Rule 41(b) of the Federal Rules of Civil Procedure if he failed to provide the executed stipulations to unseal on or before February 4, 2015; and their instant motion seeking dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure expressly notified plaintiff that his continued failure to comply with Magistrate Judge Lindsay's January 5, 2015 order, and to provide the executed stipulations to unseal, might result in dismissal of this action. Nevertheless, plaintiff failed to comply with Magistrate Judge Lindsay's order, to provide the executed stipulations to unseal to defendants, or to even oppose or otherwise respond to defendants' motion to dismiss. Accordingly, this factor also weighs in favor of dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. See, e.g. Dodson v. Runyon, 957 F. Supp. 465, 470 (S.D.N.Y. 1997), aff'd, 152 F.3d 917 (2d Cir. 1998) (finding that the notice factor supported dismissal under Rule 41(b) of the Federal Rules of Civil Procedure where the defendant's letter to the plaintiff advised him of its intent to move for dismissal and the plaintiff

did not dispute that he had been given ample notice, explain why his case should not be dismissed, or even respond to the defendant's motion).

C. Prejudice

"[P]rejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." U.S. ex rel. Drake, 375 F.3d at 256; see also Shannon v. General Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999) ("[P]rejudice to defendants resulting from unreasonable delay may be presumed[] * * * because delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult.") Since, *inter alia*, plaintiff has failed to provide the stipulations to unseal even after the Court ordered him to do so and he was warned that defendants would move to dismiss his case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and he has not provided any explanation for his failure to comply with the Court's order or to provide the executed stipulations to unseal to date, prejudice to defendants may be presumed in this case. See, e.g. Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982).

In any event, since plaintiff's failure to provide defendants with executed stipulations to unseal the records relating to his underlying arrest prevents defendants from investigating his false arrest and imprisonment claims against them; has increased the defendants' litigation costs by, *inter alia*, requiring them to expend time and resources on duplicative, and ultimately unsuccessful, efforts to obtain the executed stipulations from plaintiff; and prevents this case from moving forward, there is actual prejudice to defendants in this case. See, e.g. Ampudia v.

6

Lloyd, 531 F. App'x 32, 34 (2d Cir. July 25, 2013) (summary order) (finding actual prejudice to defendants where the plaintiff's delay "both prevented defendants from investigating the claims and increased defendants' litigation costs."); Jerez v. Semidey, No. 13-cv-8822, 2015 WL 362847, at * 3 (S.D.N.Y. Jan. 23, 2015) (finding actual prejudice where the plaintiff failed to authorize the release of his medical records, thereby preventing the defendants from accessing relevant records and obstructing their ability to investigate and assess the plaintiff's claims); Sanders v. Ramos, No. 12-cv-5302, 2013 WL 592670, at * 3 (S.D.N.Y. Jan. 24, 2013), report and recommendation adopted by 2013 WL 594229 (S.D.N.Y. Feb. 14, 2013) (finding that the prejudice factor counseled in favor of dismissal because the delay impeded the defendants' ability to investigate the allegations in the complaint, the plaintiff offered no excuse for his failure to comply with the Court's order, and the plaintiff's failure to respond prevented the case from moving forward). Accordingly, this factor also weighs in favor of dismissal under Rule 41(b) of the Federal Rules of Civil Procedure.

D. Docket Management

Although "[a] court must not let its zeal for a tidy calendar overcome its duty to do justice[,]" Outley v. City of N.Y., 837 F.2d 587, 589 (2d Cir.1988) (quotations and citation omitted), "fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources[,]" may warrant dismissing a case under Rule 41(b) of the Federal Rules of Civil Procedure. Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 668 (2d Cir.1980) (parentheses omitted). Since plaintiff has shown little interest in complying with this Court's orders, cooperating with discovery or otherwise prosecuting this action to date, the

7

Court's need to reduce docket congestion outweighs the plaintiff's right to be heard in this case. See, e.g. Caussade v. United States, 293 F.R.D. 625, 631 (S.D.N.Y. 2013). Accordingly, this factor, too, weighs in favor of dismissal under Rule 41(b) of the Federal Rules of Civil Procedure.

    E.    Availability of a Lesser Sanction

Although dismissal may be a "harsh remedy" to be exercised sparingly, see Lewis, 564 F.3d at 575-6; LeSane v. Halls Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001), no sanction "less draconian than dismissal," Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000), is available or would be effective in this case in light of, *inter alia*, plaintiff's continued failure (a) to comply with a Court order and the defendants' discovery demands, despite being warned that his failure to comply may result in dismissal of his case; (b) to oppose or otherwise respond to defendant's motion to dismiss; or (c) to otherwise communicate in any way with the Court, or take any steps to prosecute his case, for approximately seven (7) months. See, e.g. Ampudia, 531 F. App'x at 34 (finding dismissal to be an appropriate sanction were the plaintiff had already ignored a court order and failed to respond to the motion to dismiss); Jerez, 2015 WL 362847, at * 3 (finding that no lesser sanction than dismissal was available because repeated warnings about the possibility of dismissal were ineffective in generating a response and, thus, "a further warning or a conditional dismissal would simply compound the delay."); Sanders, 2013 WL 592670, at * 4 (accord); McCorkle v. Sarter, No. 04-cv-4500, 2006 WL 2334041, at * 3 (E.D.N.Y. Aug. 9, 2006) (finding that dismissal with prejudice was appropriate where plaintiff proffered no excuse for his failure to appear at conferences and did not respond to

8

the motion to dismiss).

Moreover, since plaintiff is proceeding *pro se* in this action "it is his acts, or lack thereof, that provide the basis for the Court's finding that he failed to prosecute the actions." Coss v. Sullivan Cnty. Jail Adm'r, 171 F.R.D. 68, 72 (S.D.N.Y. 1997); see also McCorkle, 2006 WL 2334041, at * 3 ("Because plaintiff is proceeding *pro se*, [he] is solely responsible for the lack of action in this case.") Moreover, since plaintiff is proceeding *in forma pauperis*, the imposition of monetary sanctions against him would not be an adequate penalty. See Coss, 171 F.R.D. at 73; see also Jerez, 2015 WL 362847, at * 3 (finding that since the plaintiff was proceeding *in forma pauperis*, economic sanctions would be ineffective); Sanders, 2013 WL 592670, at * 3 (accord). Accordingly, this factor also weighs in favor of dismissal.

For all of the foregoing reasons, defendants' motion to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is granted and this action is dismissed in its entirety with prejudice for plaintiff's failure to prosecute and to comply with an order of the Court.

III.  CONCLUSION

For all of the foregoing reasons, defendants' motion to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is granted and this action is dismissed in its entirety with prejudice for plaintiff's failure to prosecute and to comply with an order of the Court. The Clerk of the Court is directed to enter judgment in favor of defendants, to close this

case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, to serve notice of entry of this order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

SO ORDERED.

                                              _____/s/_____
                                              Sandra J. Feuerstein
                                              United States District Judge

Dated: April 6, 2015
       Central Islip, New York